J-S39037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE VERNELL BROWN | : | |
| | : | |
| Appellant | : | No. 144 EDA 2025 |

Appeal from the PCRA Order Entered November 4, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001238-2011

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED FEBRUARY 12, 2026**

Terrence Vernell Brown ("Brown") appeals from the order dismissing his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] following an evidentiary hearing. Brown's current counsel, Douglas Smith, Esquire ("Attorney Smith") has filed an ***Anders*** brief and a petition to withdraw.[2] Because Attorney Smith's brief does not meet the threshold requirements for seeking withdrawal, we deny his petition to withdraw and direct him to file either a new petition to withdraw and a compliant ***Turner***/***Finley*** brief, or an advocate's brief.

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See Anders v. California***, 386 U.S. 738 (1967). ***Anders*** applies in direct appeals, not PCRA appeals, which are governed by ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, "***Turner***/***Finley***").

The present appeal stems from Brown's 2012 judgment of sentence to serve ten to twenty years of imprisonment followed by five years of probation ("the 2012 sentence"), imposed after Brown entered negotiated guilty pleas to robbery, conspiracy, and possession of an instrument of crime.[3] Brown committed these offenses while on parole in a separate matter. Brown previously took a direct appeal and filed three PCRA petitions asserting, without success, that his pleas should be vacated, or the 2012 sentence modified. In each of those filings, Brown claimed he did not know he had to serve the backtime for his parole violation before the 2012 sentence began to run. **See generally** 61 Pa.C.S.A. § 6138(a)(5)(i).[4]

In addition to his direct appeal and prior PCRA petitions, Brown filed an action in the Commonwealth Court challenging the Department of Corrections' calculation of the effective date of the 2012 sentence. The Commonwealth Court dismissed that action in January 2023. **See** Brown's Petition, 4/11/23,

---

[3] The PCRA court provided a summary of the lengthy procedural history leading to this appeal. **See** PCRA Court Opinion, 3/19/25, at 2-24. We summarize the facts and procedures directly related to this appeal.

[4] **See Commonwealth v. Brown**, 93 A.3d 498, 2013 WL 11248746, at *2 (Pa. Super. 2013) (unpublished memorandum) (affirming the judgment of sentence); **Commonwealth v. Brown**, 141 A.3d 596, 2016 WL 634826, at *1-2 & n.4 (Pa. Super. 2016) (unpublished memorandum) (affirming the dismissal of Brown's first PCRA petition); **Commonwealth v. Brown**, 277 A.3d 1159, 2022 WL 1183801, at *4 (Pa. Super. 2022) (non-precedential memorandum decision) (affirming the dismissal of Brown's third PCRA petition as untimely). Additionally, Brown filed a motion to enforce a plea agreement, which the PCRA court dismissed as a fourth PCRA petition. Brown did not appeal that order.

Exhibit A (Order, **Brown v. Commonwealth**, 85 M.D. 2021, 1/9/23). Brown then filed his fifth PCRA petition and alleged the Commonwealth Court's January 2023 decision was a newly discovered fact. **See id**. at 2. The PCRA court dismissed Brown's fifth PCRA petition, and Brown timely appealed *pro se*. On December 21, 2023, this Court dismissed Brown's appeal, docketed at 2378 EDA 2023, due to Brown's failure to file docketing statement. **See generally** Pa.R.A.P. 3517. In March 2024, Brown filed *pro se* his sixth PCRA petition which gives rise to this appeal.

In the petition *sub judice*, Brown asserted he was entitled to a reinstatement of his appeal rights from the dismissal of his fifth PCRA petition. Brown claimed he retained private counsel, William Davis, Esquire ("Attorney Davis"), and "was under the impression that [Attorney Davis] would file the docket statement" in the appeal at 2378 EDA 2023. Brown's Request for the Reinstatement of PCRA Appellate Rights *Nunc Pro Tunc*, 3/18/24, at 1-2. After further proceedings, the PCRA court elected to hold evidentiary hearings to address whether Brown retained Attorney Davis for the appeal at 2378 EDA 2023. **See** N.T., 10/25/24, at 3. Brown, who was then represented by appointed PCRA counsel, Katayoun Copeland, Esquire ("Attorney Copeland"), testified that he believed Attorney Davis would file a docketing statement in 2378 EDA 2023, and, when this Court sent Brown a briefing letter in that appeal, thought Attorney Davis had done so. Attorney Davis conceded Brown retained him to address parole issues but otherwise testified in opposition to Brown's claims that his representation extended to the appeal at

- 3 -

2378 EDA 2023. On November 4, 2024, the PCRA court entered the order dismissing Brown's sixth petition. **See** Order, 11/4/24, at 2 n.5 & 14. Brown timely filed a *pro se* notice of appeal, and the PCRA court appointed present counsel, Attorney Smith, for this appeal.[5] Brown filed in the PCRA court a *pro se* motion for the appointment of new counsel and claimed Attorney Smith refused to raise Brown's intended claims in this appeal. **See** Brown's *Pro Se* Motion for Appointment of New Counsel, 4/7/25, at 1 & Attachments. The PCRA court held a hearing on the motion for the appointment of new counsel, after which it dismissed the motion.[6]

As noted above, Attorney Smith has filed in this Court an **Anders** brief and a petition to withdraw. We must first determine whether has satisfied the requirements to be permitted to withdraw from representation in this PCRA appeal. **See Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa. Super. 2014).

Pursuant to **Turner**/**Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is

---

[5] **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (providing that "this Court is required to docket a *pro se* notice of appeal despite [the a]ppellant being represented by counsel"). The PCRA court issued an order for a Pa.R.A.P. 1925(b) statement, and Attorney Smith filed a Rule 1925(c)(4) statement asserting there were no issues of arguable merit and his intent to file an **Anders** brief.

[6] Brown has also filed applications for new counsel and remand in this Court. This Court issued orders denying those applications without prejudice to Brown's right to file a separate response to Attorney Smith's **Anders** brief. Brown has not filed a response.

permitted." ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). In

***Pitts***, our Supreme Court explained that independent review requires proof

of:

> 1. A "no merit" letter by [ ] counsel detailing the nature and extent of his review;
>
> 2. The "no merit" letter by [ ] counsel listing each issue the petitioner wished to have reviewed;
>
> 3. [C]ounsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;
>
> 4. The [ ] court conducting its own independent review of the record; and
>
> 5. The [ ] court agreeing with counsel that the petition was meritless.

***Id***. (citation and some brackets omitted).

> Additionally:
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of ***Turner***/***Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner***/***Finley*** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner***/***Finley***, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Attorney Smith asserts he reviewed Brown's case. *See* Application to Withdraw, 5/7/25, at ¶ 2. His brief lists a single issue that he deems to be of arguable merit and explains why that issue lacks merit. *See Anders* Brief at 6-7. Attorney Smith has sent Brown a copy of his brief, a copy of the petition to withdraw, and a statement advising Brown of his right to proceed *pro se* or with privately retained counsel. *See* Application to Withdraw, 5/7/25, Exhibit A.

A further review of Attorney Smith's *Anders* brief, however, reveals that it is lacking. Aside from his assertion that he "reviewed" the case, Attorney Smith does not detail the nature and extent of his review, and he provides no citations to the record or any pertinent law. At no point does Attorney Smith list **each** issue Brown wished to have reviewed, let alone explain why those issues lack merit. *See*, *e.g.*, Brown's *Pro Se* Motion for Appointment of New Counsel, 4/7/25, at 1 & Attachments; N.T., 4/11/25, at 9-10; *accord Pitts*, 981 A.2d at 876 n.1. These technical defects preclude this Court from conducting an independent review and assessment of Attorney Smith's conclusion that this appeal lacks merit.[7]

_____

[7] While the **Turner**/**Finley** procedures limit this Court from addressing the merits of any issues involved in this appeal at this juncture, we may comment on the overall procedural posture of this matter. We observe, however, that Brown's fifth PCRA petition raised the same previously litigated and untimely
*(Footnote Continued Next Page)*

Accordingly, we deny Attorney Smith's petition to withdraw without prejudice. Within thirty days of this decision, Attorney Smith shall either file a new petition to withdraw and no-merit brief that complies with requirements of *Turner*/*Finley*, and with the proof of the appropriate notifications to Brown, *see generally Commonwealth v. Muzzy*, 141 A.3d 509, 510-12 (Pa. Super. 2016), or an advocate's brief.

Petition to withdraw denied without prejudice. Counsel shall within thirty days of this decision file a new petition to withdraw and no-merit brief pursuant to *Turner*/*Finley* and *Muzzy*, or an advocate's brief.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2026

---

issues under the guise of a claim of newly discovered evidence of dubious merit. Nevertheless, the overall futility of this matter does not excuse Attorney Smith, or this Court, from honoring Brown's right to counsel in the present appeal.